RUTH B. MUMMA v. EMMA J. SCHMITTER AND MAX
SCHMITTER.

Decided October 4, 1923.

**Contempt—Examination in Supplementary Proceedings—
Reasons of Counsel Irrelevant.**

On application for rule to show cause in matter of contempt.

For the plaintiff, *Edwin T. Murdock.*

For the defendants, *Weinberger & Weinberger.*

The opinion of the court was delivered by

PARKER, J. On the papers now before me, the defendants apear to be clearly guilty of contempt in refusing to appear for examination in supplementary proceedings pursuant to an order so to do.

On August 4th, 1923, there was presented to me a verified petition in the usual form, setting up the entry of a judgment for plaintiff in the above cause, the issue of execution thereon, and the return of such execution unsatisfied, and the usual averments of belief as to property and things in action, &c. Upon this petition the usual order was made that the defendants (severally by name) appear before a commissioner to make discovery at a specified time and place. The commissioner has made return that neither appeared, and there is the proper proof that each was served with the order. Disobedience of the order is a contempt unless physical inability to comply with it be made to appear.

Counsel have not personally appeared on this motion, and counsel for defendants content themselves with sending a letter making two points: First, that the execution had not in fact been returned; and secondly, that a rule to show cause why the verdict should not be set aside as to the female defendant is now pending and undetermined.

Neither point is relevant at this time. On the face of the petition the order was plainly justified. If the petition misstated facts, the obvious and only proper course was to attack it directly by motion to vacate the order, or some similar procedure; but for parties to disobey an order of the court because they consider that on their own theory of the facts not appearing in the petition, it should not have been made, is contrary to fundamental principles of legal procedure. So long as the order stood unchallenged and unaltered it was the duty of the parties affected to obey it. Whether the execution had not in fact been returned is beside the mark, and I have not inquired into the fact, as the petition stated it had been returned.

As to the rule to show cause, it stands on the same basis and is equally untenable. It may not be out of place to note, however, that the case of *Erie Railway Co.* v. *Ackerson*, 33 *N. J. L.* 33, invoked for defendant, is superseded by rule 116 of this court, permitting an immediate judgment on verdict, and providing that the court or a judge *"may* stay execution pending an application for a new trial." The practice under this rule has been and is to permit execution to issue as of course pending a rule to show cause, unless specially retained by the court order, and there is no claim of any special restraint in this case.

It is intimated that defendants ignored the order under instruction from counsel, and there is before me a copy of a letter by defendants' counsel stating that they would advise their clients to ignore such order. If they did, they are more culpable than the clients as more expert in the law, and being under a plain duty as officers of the court to see that its mandates, while legally in force, are respected by parties.

Let a rule to show cause in contempt issue as prayed.